IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) CR10-229 |
| | ) |
| BRENT KEVIN HERCULES | ) |
| ANTOINE and JEAN A. SERAPHIN, | ) |
| a/k/a ALLEN DEBROSSE, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## OPINION

Pending before the Court is the Defendants'[1] Motion for Discovery [ECF #125]. The Government filed an Omnibus Response to all of the Defendants' pretrial motions, which included a response to the Motion for Discovery [ECF #150] on May 14, 2012.

In the Motion for Discovery, the Defendants request that we order the Government to provide them with the following material: (1) any Fed.R.Crim.P. 16 evidence, including investigative materials and documentary evidence, that the Government has not yet turned over the Defendants; (2) "all statements from any witnesses or confidential informants that will be used in the prosecution or may have exculpatory information;" (3) "any and all pictures, videos and recordings of defendant not previously turned over," (4) "all physical evidence, investigative reports, photographs, laboratory reports, and video recordings," (5) "all statements made by defendant and co-defendants, if any, to all law enforcement personnel or otherwise, (6) "the curriculum vitae of any and all experts that the United States of America intends on calling as witnesses;" (7) "the criminal records of those witnesses expected to testify at trial; and (8) "all

---

[1] The motion for discovery was originally filed by Defendant Seraphin but it is treated as if filed by both defendants given this Court Order dated April 30, 2012 where we permitted defendants to adopt each other's pre-trial motions as their own [ECF ## 144 and 145].

expert reports involving the alleged crime, including photographs, models, drawings, and diagrams." Motion for Discovery, ¶¶ 1-16.

**I. Applicable Law.**

"Criminal pretrial discovery is, of course, vastly different from discovery in civil cases." United States v. Ramos, 27 F.3d 65, 67 (3d Cir. 1994). "[I]t is clear that a criminal defendant does not have the right to full discovery of the government's case." United States v. Casseus, 282 F.3d 253, 257 (3d Cir. 2002).

Fed.R.Crim.P. 16 governs discovery in criminal prosecutions and delineates the specific categories of documents and materials the government must make available to a defendant on request prior to trial, including: a defendant's oral, written, or recorded statements; a defendant's prior criminal records; documents and objects that are material to prepare the defense or will be used in the government's case-in-chief at trial; results or reports of physical or mental examinations and scientific tests and experiments that are material to prepare the defense or will be used in the government's case-in-chief at trial; and summaries of the government's anticipated expert testimony, among other disclosure requirements. Fed.R.Crim.P. 16(a)(1). Pursuant to our Court's Local Rule of Criminal Procedure 16(B), "[u]pon a defendant's request, the government shall make available the Rule 16 material at the time of the arraignment. If discovery is not requested by the defendant at the time of the arraignment, the government shall disclose such material within seven (7) days of a defendant's request." L.Cr.R. 12(B).

Significantly, "Rule 16 does not require the prosecution to disclose all the minutia of its evidence, to reveal its trial strategy, and to delineate with total specificity the case it intends to present." United States v. Randolph, 456 F.2d 132, 136 (3d Cir. 1972) (internal citations and quotations omitted). It is explicitly stated in Fed.R.Crim.P. 16(a)(2) that "[e]xcept as Rule

2

16(a)(1) provides otherwise, this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500." Id.

Rule 16 materials are not the only discovery materials that must be produced by the government to a defendant in a criminal case. In Brady v. Maryland, 373 U.S. 83 (1963), the United States Supreme Court held that the prosecution must disclose evidence "favorable to an accused." Id. at 87. "Such evidence is 'evidence favorable to an accused' so that, if disclosed and used effectively, it may make the difference between conviction and acquittal." United States v. Bagley, 473 U.S. 667, 676 (1985) (internal citations omitted). Both impeachment evidence and exculpatory evidence can fall within the required disclosures under Brady. Id. Exculpatory evidence that falls within the Brady rule includes evidence affecting the credibility of a witness. See, for example, Giglio v. United States, 405 U.S. 150, 154 (1972) ("[E]vidence of any understanding or agreement as to a future prosecution would be relevant to [the witness's] credibility and the jury was entitled to know of it"). Notably, "'the government is not obliged under Brady to furnish a defendant with information which he already has or, with any reasonable diligence, he can obtain himself.'" United States v. Pelullo, 399 F.3d 197, 202 (3d Cir. 2005) (quoting United States v. Starusko, 729 F.2d 256, 262 (3d Cir. 1984)).

Additionally certain information must be disclosed to the defense pursuant to the Jencks Act, 18 U.S.C. § 3500. Specifically, the Jencks Act governs the timing and scope of the government's requirement to disclose statements or reports of its testifying witnesses; "[t]he Jencks Act requires that after each government witness has testified on direct examination, the

3

government must produce to the defense 'any statement' made by the witness which relates to his or her testimony." Ramos, 27 F.3d at 68. Although a trial court cannot, under the disclosure requirements of the Jencks Act, order the government to disclose any statement or report made by a government witness or prospective government witness until after the witness has testified at trial, in order to avoid unnecessary delays at trial, trial courts commonly strongly encourage the government to produce such statements to defendants prior to trial.

**II. Legal Analysis.**

Turning to the specifics of the Defendants' Motion for Discovery, first, with respect to Defendants' request for any Fed.R.Crim.P. 16 evidence, including investigative materials and documentary evidence, that the Government has not yet turned over to the Defendants, the Government contends that it "has voluntarily produced to both [D]efendants Antoine and Seraphin substantially all of the Rule 16 discovery material, which includes evidence the [G]overnment anticipates using in its case-in-chief at trial." Omnibus Response, pp. 18-19 (emphasis added). The Government also states that "[i]f any additional Rule 16 evidence becomes available, it will be produced." Id.

We find that this part of the Defendants' Motion for Discovery shall be granted to the extent that it seeks any evidence that falls under the ambit of Fed.R.Crim.P. 16 that the Government has not yet turned over to the Defendants, including any investigative materials and documentary evidence that falls within the requirements of Rule 16. Further, the Government is under a continuing obligation to disclose and make available to the Defendants any Rule 16 evidence in its possession. To the contrary, the Defendants' request for investigative materials and documentary evidence that does not fall within the ambit of Rule 16, Brady or the Jencks Act is denied.

4

Second, as to the Defendants' request for "any and all pictures, videos and recordings of [D]efendant not previously turned over," see Motion for Discovery, ¶11, the Government agrees that the Defendants are entitled to this information under Rule 16. Omnibus Response, p. 15. Accordingly, the Defendants' Motion shall be granted to the extent it seeks "any and all pictures, videos and recordings of [D]efendant not previously turned over."

Third, with respect to the Defendants' request for "all physical evidence, investigative reports, photographs, laboratory reports, and video recordings," see Motion for Discovery, ¶12, the Government agrees that the Defendants are entitled to "physical evidence . . . photographs, laboratory reports and video recordings." Omnibus Response, p. 15. The Government further explains that it has produced to the Defendants "the results of a negative fingerprint analysis," "the results of a forensic examination of laptop computers seized during the arrest of [D]efendants Seraphin and Gardiner on November 15, 2010," and a "forensic report of the analysis of a cell phone also seized during the arrest." Id. at p. 20. The Government further offers that it "presently has no results of mental or physical exams, nor other results of scientific tests or experiments as described under [Rule 16(a)(1)(F)], other than [those listed above]," which "either have been provided, or will be at the [Rule 16(a)(1)(G)] notice of experts." Id.

The Defendants' Motion shall be granted to the extent it seeks "all physical evidence, photographs, laboratory reports, and video recordings." To the extent that it seeks investigative reports that fall within the requirements of Rule 16, Brady or the Jencks Act, it also will be granted. To the extent it seeks investigative report that do not fall within the ambit of Rule 16, Brady or the Jencks Act, the Motion will be denied.

Fourth, with respect to the Defendants' request that they be provided "all statements made by defendant and co-defendants, if any, to all law enforcement personnel or otherwise,"

5

see Motion for Discovery, ¶13, the Government agrees that the Defendants are entitled to "statements made by defendant and co-defendants, if any, to all law enforcement personnel or otherwise." Omnibus Response, p. 15. The Government further explains that "[it] is not in possession of any statement by any [D]efendants to a law enforcement officer other than what is reflected in the Scott Township Police Report and supplementals" and that "Defendants Seraphin and Gardiner were interviewed by USSS Agents in connection with their arrest by the Buffalo P.D. on November 15, 2010, and that summary of interview has been provided." Id., p. 17.

We will grant this part of the Defendants' Motion for Discovery.

Fifth, with respect to the Defendants' request for "all statements from any witnesses or confidential informants that will be used in the prosecution or may have exculpatory information," see Motion for Discovery, ¶10, the Government contends "[w]itness statements are producible only during Jencks Act production." Omnibus Response, p. 21. Further, the Government contends that the Defendants have no right to early production of such statements, but that it will produce these statements to the Defendants at the appropriate time for production of Jencks Act material, or three (3) days prior to trial. Id.

Under the Jencks Act, "no statement or report in the possession of the United States which was made by a government witness or prospective government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a). Additionally, a statement by a witness or confidential informant can be exculpatory evidence which must be disclosed to a defendant under Brady. See, for example, Smith v. Cain, 132 S.Ct. 627, 630 (2012) (prosecution's failure to disclose investigator's notes that contained a statement from a testifying witness that was exculpatory violated Brady). Defendants' Motion for Discovery of

"all statements from any witnesses or confidential informants that will be used in the prosecution or may have exculpatory information" shall be granted. To the extent that any such statement constitutes exculpatory evidence that must be produced under Brady, then it shall be produced forthwith; otherwise, said statements shall be disclosed in accordance with 18 U.S.C. §3500(b), but with encouragement to disclose such material no later than ten (10) days prior to trial.

Sixth, we turn to the Defendants' request for "the criminal records of those witnesses expected to testify at trial." See Motion for Discovery, ¶ 15. In response, the Government contends that it provided the Defendants with their own criminal histories "at the arraignments at the original and superseding indictments." Omnibus Response, p. 17.

The criminal records of any witnesses expected to testify at trial qualify as impeachment evidence that must be disclosed pursuant to Brady. See Wilson v. Beard, 589 F.3d 651, 663 (3d Cir. 2009) ("[T]he prosecution bears the burden of disclosing to the defense a prosecution witness's criminal record, whether or not an explicit request has been made by defense counsel."), Hollman v. Wilson, 158 F.3d 177, 180 (3d Cir. 1998) ("[E]vidence of a government witness's prior criminal history is evidence which must be produced to the defense."), United States v. Perdomo, 929 F. 2d 967, 970 (3d Cir. 1991) ("[A] prosecutor's lack of knowledge does not render information unknown for Brady purposes."). Therefore, Defendants' Motion for Discovery is granted to the extent that they seek the criminal records of each witness the Government intends to call at trial.

Seventh, and finally, with respect to the Defendants' request for "all expert reports involving the alleged crime, including photographs, models, drawings, and diagrams" and "the curriculum vitae of any and all experts that the United States of America intends on calling as witnesses," see Motion for Discovery, ¶¶14 and 16, the Government argues in its Omnibus

Response, that "it has not yet determined which expert testimony it will use in its [case-in-chief]." Omnibus Response, p. 22. The Government further states that:

> [I]f expert testimony is necessary, prior to trial, and in compliance with the requirements of Fed.R.Crim.P. 16(a)(1)(G), it will provide the [D]efendants with a written summary of any expert testimony, including the 'opinion', the 'basis' and the reasons therefor as well as a curriculum vitae or similar summary of the expert's qualifications.

Id. at p. 23. The Government further notes that it "will provide notice of the identity of the witness, a summary of qualifications, and his opinions no later than 10 days before trial." Id.

Fed.R.Crim.P. 16, which governs discovery in criminal prosecutions, provides that, "[a]t the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial." Fed.R.Crim.P. 16(a)(1)(G). The summary "must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Id. Further, pursuant to L.R.Crim.P. 16(B): "Upon a defendant's request, the government shall make available the Rule 16 material at the time of the arraignment. If discovery is not requested by the defendant at the time of the arraignment, the government shall disclose such material within seven (7) days of a defendant's request." L.Cr.R. 12(B).

The Defendants' Motion shall be granted to the extent that they seek the identification of all government experts expected to testify at trial as well as a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial, said summary to include the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications. Further, keeping with the spirit of L.Cr.R. 16(B), the Court will order the Government to provide the expert discovery sought pursuant to Fed.R.Crim.P. 16(a)(1)(G) within seven (7) days of the date of this Order, or,

8

if the Government has not yet determined the experts it intends to use at trial, then within seven (7) days of the date the Government makes said determination, but in any case, no later than ten (10) days before trial.

**III. Conclusion.**

An appropriate Order follows.

August 9, 2012

Maurice B. Cohill, Jr.
Senior District Court Judge