# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | Crim. No. 10-229 |
| | ) | |
| BRENT KEVIN HERCULES ANTOINE and JEAN A. SERAPHIN, a/k/a ALLEN DEBROSSE, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

A four-count Indictment was filed against Defendants Brent Kevin Hercules Antoine, Jean A. Seraphin, a/k/a Allen DeBrosse, and two others on November 30, 2010. Thereafter, on February 21, 2012, a five-count Superseding Indictment was filed against Defendants Antoine and Seraphin and one other defendant. On April 23, 2012, Defendant Antoine filed pre-trial motions, including a "Motion to Sever Defendant For Trial" ("Motion to Sever") [ECF#129]. On August 21, 2012 we held a hearing of pre-trial motions, during which the parties briefly argued the merits of Defendant Antoine's Motion to Sever. For the reasons set forth below, Defendant Antoine's Motion to Sever is denied.

In his Motion to Sever, Defendant Antoine argued as follows. First, "[t]he majority of the evidence regarding the United States' case against Defendant's co-defendants is distinct from – and irrelevant to – the evidence relevant to trial of Defendant's case." Motion to Sever, ¶ 1. Second, "[t]he evidence against Defendant's co-defendants which would be used in the trial of said co-defendants and which is unrelated to Defendant's case will serve to taint/blacken Defendant's character, result in confusion of issues, and commingling of evidentiary issues such

that the jury will be biased and/or incapable of proper assessment of the evidence against Defendant." Id. at ¶ 2. Third, "[t]he identification evidence of Defendant's participation in the alleged illegality is substantially weaker than – and is independent of- such evidence against Defendant's co-defendants" denial of severance would lead to clear and substantial prejudice resulting in a manifestly unfair trial." Id. at ¶ 3. Fourth, "Defendant's purported involvement in the commission of the offenses charged in this matter is substantially lesser than that of Defendant's co-defendants, and the risk of prejudice is, consequently, substantially heightened." Id. at ¶ 4. Fifth, "Defendant will be deprived of his right to confrontation – as preserved under the Sixth Amendment to the United States Constitution – when statements of co-defendants are admitted in a joint trial against defendants other than Defendant or, in the absence of sufficient evidence of a conspiracy involving Defendant, against Defendant." Id. at ¶ 5. Sixth, and finally, "Defendant would otherwise be deprived of his right to a fair trial before an impartial jury – as preserved under the Sixth Amendment to the United States Constitution – and/or be convicted perceived and insignificant evidence of guilt by association rather than through the proper conduct of the truth-determining process." Id. at ¶ 6.

Thereafter, at the hearing, Defendant Antoine further argued that evidence that the Government plans to introduce at trial with respect to Defendant Seraphin being arrested in New York for forgery will so prejudice Antoine, that severance of his trial from that of Seraphin is necessary.

In its "Omnibus Response to Defendant's Pre-trial Motions," the Government argued that severance of Defendant Antoine from trial with Defendant Seraphin should not be granted for numerous reasons. First, the Government argued that because "[a]ll the defendants have been alleged to have participated in the same conspiratorial act, and every remaining defendant is

2

charge[d] in all 5 counts of the indictment[, t]he government's evidence against Antoine on each count is admissible as to all defendants." Omnibus Response, p. 44. Second, the Government argued that severance should be denied because "Antoine is charged with one count of conspiracy in violation of 18 U.S.C. Sec. 371; one count of possessing 15 or more unauthorized or counterfeit access devices, 18 U.S.C. Sec. 1029(a)(3), and 3 counts of Aggravated identity theft, 18 U.S.C. Sec. 1028A(a)(1)," and these are "very ordinary fraud charges under the access device fraud statute, and the evidence is readily understandable." Id. at pp. 44-45. Third, the Government contended that even if its proof against one co-defendant may be stronger than another co-defendant, that fact" does not warrant a severance." Id. at p. 45. Fourth, the Government argued that "[w]hile Antoine argues that the evidence against his co-defendants is greater [than the evidence against him], the trial evidence will show otherwise that the evidence against Antoine is equally impressive and forceful, and just as inculpatory." Id. Finally, the Government argued that Defendant Antoine's motion to sever should be denied because "there are no conflicting, antagonistic defenses, nor known hostility among the two remaining defendants to warrant a severance." Id.

Thereafter, at the hearing, the United States argued that Antoine's concern that he will be prejudiced by the introduction of evidence at trial that Seraphin was arrested in New York for forgery can be handled by the Court giving the jury a limiting instruction that explains that any evidence relevant to Seraphin's arrest in New York is not to be used against Antoine.

The Sixth Amendment to the U.S. Constitution guarantees any defendant in a criminal prosecution "the right to a speedy and public trial, by an impartial jury," as well as the right "to be confronted with the witnesses against him." U.S. CONST. amend. VI. Federal Rule of Criminal Procedure 8(b) provides: "The indictment or information may charge 2 or more

3

defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count." Fed.R.Crim.P. 8(b).

If the joinder of offenses or defendants for trial "appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed.R.Crim.P. 14(a) (emphasis added). "The federal system prefers joint trials of defendants who are indicted together because joint trials promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." United States v. Heilman, 377 Fed. Appx. 157, 199 (3d Cir. 2010); United States v. Lore, 430 F.3d 190, 205 (3d Cir. 2005). "Ordinarily, defendants jointly indicted should be tried together to conserve judicial resources." United States v. Eufrasio, 935 F.2d 553, 568 (3d Cir. 1991). This is especially true, where, as here, the co-defendants have been charged with being part of one conspiracy. "The public interest in judicial economy favors joint trials where the same evidence would be presented at separate trials of defendants charged with a single conspiracy." Id. "Rules 8(b) and 14 [of the Federal Rules of Criminal Procedure] are designed to promote economy and efficiency and to avoid a multiplicity of trials, [so long as] these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial." Zafiro v. United States, 506 U.S. 534, 540 (1993) (internal citations and quotations omitted).

"[Federal Rule of Criminal Procedure] 14 leaves the determination of risk of prejudice and any remedy that may be necessary to the sound discretion of the district courts." Zafiro, 506 U.S. at 541. See also Heilman, 377 Fed. Appx. at 199; Lore, 430 F.3d at 205; United States v.

4

Urban, 404 F.3d 754, 775 (3d Cir. 2005). Even if prejudice is shown, Rule 14 does not require severance, but allows the district court to determine and tailor the appropriate relief to be granted. Zafiro, 506 U.S. at 538-539. "To prevail on a Rule 14 motion, a defendant must pinpoint clear and substantial prejudice resulting in an unfair trial." United States v. Walker, 657 F.3d 160, 170 (3d Cir. 2011) (internal citations and quotations omitted). "[A] district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 506 U.S. at 539. See also Walker, 657 F.3d at 170; United States v. Reyeros, 537 F.3d 270, 286 (3d Cir. 2008); Urban, 404 F.3d at 775. This type of risk might include admission of evidence against one defendant that would not be admissible against a codefendant if the codefendant were tried alone, or evidence of a defendant's wrongdoing that, in some circumstances, could lead a jury to conclude that a codefendant was guilty. Zafiro, 506 U.S. at 539.

"When many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened. Id. If the risk of prejudice is high, a court is more likely to grant a severance. Id. However, a district court is not required to grant a severance and can, alternatively, give limiting instructions to the jury regarding the evidence to cure any risk of prejudice. Id. Courts presume juries follow such instructions. Id. at 540. See also United States v. Riley, 621 F.3d 312, 335 (3d Cir. 2010); Heilman, 377 Fed. Appx. at 200; Urban, 404 F.3d at 776.

"Defendants seeking severance bear a 'heavy burden' and must demonstrate not only that the court would abuse its discretion if it denied severance, 'but also that the denial of severance would lead to clear and substantial prejudice resulting in a manifestly unfair trial.'" Lore, 430

F.3d at 205 (quoting Urban, 404 F.3d at 775). "[I]t is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." Zafiro, 506 U.S. at 540. Nor are they entitled to severance because the "'evidence against a co-defendant is more damaging than the evidence against the moving party.'" Lore, 430 F.3d at 205 (quoting United States v. Somers, 496 F.2d 723, 730 (3d Cir. 1974)). "'Neither a disparity in evidence, nor introducing evidence more damaging to one defendant than others entitles seemingly less culpable [defendants] to severance.'" Heilman, 377 Fed. Appx. at 200 (quoting Eufrasio, 935 F.2d at 568).

Rather, the pertinent inquiry surrounding the question of prejudice is "'whether the jury will be able to compartmentalize the evidence as it relates to separate defendants in view of its volume and limited admissibility.'" Walker, 657 F.3d at 170 (quoting United States v. Davis, 397 F.3d 173, 182 (3d Cir. 2005). In Walker, the Third Circuit court found that the evidence presented in the count against one defendant was "relatively uncomplicated, suggesting that the jury would have little trouble keeping it separate from the evidence against [the other defendant]." Id. at 171. Similarly, in Davis, the appellate court concluded that "the jury could reasonably have been expected to compartmentalize the evidence as it related to each individual defendant" because the facts were relatively simple, the events all occurred in a single evening, there were only three defendants, and there were no overly technical or scientific issues. Davis, 397 F.3d at 182.

Applying this law to the case at hand, we find that Defendant Antoine has not met his burden of establishing that the denial of his Motion to Sever would lead to clear and substantial prejudice resulting in a manifestly unfair trial. First, Mr. Antoine's concerns about the prejudicial effect of the introduction at trial of evidence of Mr. Seraphin's arrest in New York for forgery

6

and any other Fed.R.Evid. 404(b) evidence relevant to Seraphin only can be addressed by way of a limiting instruction to the jury. Second, the majority of the evidence regarding the United States' case against Defendant's co-defendants is not distinct from, and irrelevant to, the evidence relevant to trial of Defendant Antoine's case. Third, the identification evidence of Defendant's participation in the alleged illegality is not substantially weaker than and independent of, such evidence against Defendant's co-defendants such that denial of severance would lead to clear and substantial prejudice resulting in a manifestly unfair trial. Fourth, there has not been any evidence introduced to date that suggests that Defendant's purported involvement in the commission of the offenses charged in this matter is substantially lesser than that of Defendant's co-defendants, such that the risk of prejudice is substantially heightened. Finally, trying Defendants Antoine and Seraphin together will not deprive Mr. Antoine of his constitutional rights to confrontation or to a fair trial before an impartial jury.

For all these reasons, Defendant Antoine's Motion to Sever is denied. An appropriate Order follows.

August 22, 2012

_Maurice B. Cohill, Jr._
Maurice B. Cohill, Jr.
Senior District Court Judge