IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| vs. | ) | CR No. 10-229 |
| | ) | |
| BRENT KEVIN HERCULES | ) | |
| ANTOINE and JEAN A. SERAPHIN, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## OPINION

Pending before the Court is Defendant Jean Seraphin's Motion in Limine to Exclude Government Expert Testimony by S.A. Vincent Merlino [ECF191]. By this motion, Defendant seeks a ruling from the Court that the Government is precluded from presenting at trial expert testimony from Special Agent Vincent Merlino of the United States Secret Service that he conducted a forensic examination of two laptop computers and a cell phone seized when Defendant Seraphin was arrested on November 15, 2010 and he found on the computers' hard drives inculpatory evidence of credit card fraud and found on the cell phone evidence of a credit card fraud conspiracy among individuals. The November 2010 arrest occurred some eight months after Defendant's arrest on the charges in this case. For the reasons set forth below, the Motion in Limine to Exclude Government Expert Testimony by S.A. Vincent Merlino is denied.

As support for his Motion to preclude Special Agent Merlino's expert testimony at trial, Defendant Seraphin argues that the proffered testimony: (1) violates Fed.R.Evid. 404(b); (2) is not relevant; (3) even if relevant, its probative value is greatly outweighed by the unfair prejudice that such testimony would cause Defendant; (4) does not satisfy the requirements of Fed.R.Evid. 702; and (5) violates Fed.R.Evid. 704.

First, with respect to Defendant's contention that introduction of Special Agent Merlino's proffered expert testimony would violate Fed.R.Evid. 404(b), which prohibits the use of evidence of "other crimes, wrongs, or acts" to prove the character of a person, we find, for the reasons set forth in our Opinion denying Defendant Seraphin's Motion in Limine to Exclude 404(b) Evidence, that Special Agent Merlino's proffered expert testimony will not violate Fed.R.Evid. 404(b).

Next, we turn to Defendant's contention that the proffered evidence is not relevant and therefore, is inadmissible. Defendant argues that because Special Agent Merlino will testify that the "user" of the computers and cell phone was engaged in credit card fraud and related activity, and there is no evidence that Seraphin was the user, owner, or in possession of the computers or the cell phone in question at any time, and there also is no evidence that the computers or cell phone in question were connected in any way to the March 3, 2010 incident for which Seraphin was charged, that Special Agent Merlino's testimony does not meet the requirement of Fed.R.Evid. 402 that evidence must be relevant before it can be admitted.

Contrary to Defendant's contention, as we stated in our Opinion denying Defendant Seraphin's Motion in Limine to Exclude 404(b) Evidence, "given the remarkable similarities between the events that occurred on March 3, 2010 and November 15, 2010, in that on both occasions, Defendant, Gardiner and others were stopped by the police in a vehicle and found in the vehicle were multiple counterfeit credit cards, numerous gift cards and other evidence of access device fraud [including the computers and cell phone]," we find that Special Agent Merlino's proffered expert testimony with respect to the computers and the cell phone is probative of Defendant's intent and knowledge with respect to the conspiracy charged in this case. Accordingly, Special Agent Merlino's proffered expert testimony is relevant evidence.

2

Next we examine Defendant's contention that the probative value of the proffered testimony is substantially outweighed by the danger of unfair prejudice to Defendant such that it must be precluded under Fed.R.Evid. 403. As explained by the appellate court in Carter v. Hewitt, 617 F.2d 961 (3d Cir. 1980):

> Evidence is unfairly prejudicial only if it has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." It is unfairly prejudicial if it "appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish," or otherwise "may cause a jury to base its decision on something other than the established propositions in the case." A classic example of unfair prejudice is a jury's conclusion, after hearing a recitation of a defendant's prior criminal record, that, since the defendant committed so many other crimes, he must have committed this one too. This is an improper basis of decision, and the law accordingly prohibits introduction of prior convictions to demonstrate a propensity to commit crime.

Id. at 972 (internal footnote and quotations omitted).

Again, as stated in the Court's Opinion denying Defendant Seraphin's Motion in Limine to Exclude 404(b) Evidence, there is no doubt that admitting Special Agent Merlino's proffered testimony about the computers and cell phone raises issues of prejudice to Defendant. However, we find that the probative value of the proffered testimony is not substantially outweighed by the danger of unfair prejudice to Seraphin. Therefore, Special Agent Merlino's proffered testimony does not fall within the ambit of FRE 403.

Next, Defendant states that he "has also filed a Motion to Exclude Expert Testimony of S.A. Radens. All arguments set forth in that motion are hereby incorporated." In that Motion, Defendant argued that "all purported and anticipated testimony regarding the 'modus' of the hypothetical crew mentioned in the summary, as well as the opinion testimony that . . . Mr. Seraphin's intent and purpose for being with the other individuals at the time was to serve as a look-out, should be precluded in accordance with Rule 702 and 704." Defendant Jean A. Seraphin's Motion in Limine to Exclude Government Expert Testimony by S.A. Michael

3

Radens, ¶ 26. We have reviewed the summary of Special Agent Merlino's proffered testimony and there is no indication that he will render testimony regarding the "modus" of a hypothetical crew or opinion testimony that . . . Mr. Seraphin's intent and purpose for being with the other individuals at the time was to serve as a look-out.

We next address Defendant's contention that Special Agent Merlino's proffered expert should not be admitted because it does not satisfy the requirements of Federal Rules of Evidence 702 that the testimony "fit." In particular, Defendant argues that it is not appropriate to provide expert testimony regarding the use of computers or cell phones in credit card schemes when the items in question have no recognized connection to the case.

Fed.R.Evid. 702 provides:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
(b) the testimony is based on sufficient facts or data;
(c) the testimony is the product of reliable principles and methods; and
(d) the expert has reliably applied the principles and methods to the facts of the case.

Id. The rule "embodies a trilogy of restrictions on expert testimony: qualification, reliability and fit." Schneider ex rel. Estate of Schneider v. Fried, 320 F.3d 396, 404 (3d Cir. 2003). Regarding fit, expert testimony "must be relevant for the purposes of the case and must assist the trier of fact." Id. In other words, it must be "sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute." United States v. Downing, 753 F.2d 1224, 1242 (3d Cir. 1985).

As stated above, we conclude that the computers and cell phone seized when Seraphin was arrested on November 15, 2010, are probative of Defendant's intent and knowledge with

respect to the conspiracy charged in this case. We further find that Special Agent Merlino's proffered testimony will help the trier of fact to understand what information is contained on the computers and cell phone that is indicative that the user of the computers and cell phone was involved in access device fraud or identity theft. In other words, the proffered testimony "fits."

Finally, we address Defendant's contention that "[t]he summary of proposed testimony of S.A. Merlino . . . demonstrates that the government's concept of Merlino's testimony may cross the line into violations of 702 and 704, if not limited by this Court." Motion. ¶ 22. We have already concluded that Special Agent Merlino's proffered testimony with respect to the computers and cell phone is admissible under, and does not violate, Fed.R.Evid. 702. Rule 704(b) states: "In a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense. Those matters are for the trier of fact alone." Fed.R.Evid. 704(b). Contrary to Defendant's position, we do not read the summary of Special Agent Merlino's proffered testimony to suggest that he will state an opinion about whether Defendant "did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense." Fed.R.Evid. 704. See also United States' Response to Defendant's Motion in Limine to Preclude 404(b) Evidence (Doc 192) and Response to Motion in Limine to Preclude Expert Testimony of SA Vincent Merlino, (Doc 191), p. 17 ("Defendant's primary objection to Agent Merlino's testimony is the concern that the Government will elicit from the witness testimony as to whether Jean A. Seraphin possessed the *mens rea* to commit credit card fraud and identity theft on November 15, 2010 . . . . The Government represents that it will not seek such testimony from him. Rather, the Government's examination of Agent Merlino will focus strictly

5

on whether his forensic findings from the laptops and cell phone reveal activity consistent with illegal credit card manufacturing, or trafficking in stolen identities.").

For all of the above stated reasons, Defendant Seraphin's Motion in Limine to Exclude Government Expert Testimony by S.A. Vincent Merlino [ECF191] is denied. An appropriate Order follows.

September 6, 2012

Maurice B. Cohill, Jr.
Senior District Court Jud