IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | CR No. 10-229 |
| | ) | |
| BRENT KEVIN HERCULES ANTOINE and JEAN A. SERAPHIN, | ) ) ) | |
| Defendants. | ) ) | |

## OPINION

Pending before the Court is Defendant Jean Seraphin's Motion in Limine to Exclude 404(b) Evidence [ECF192]. By this motion, Defendant seeks a ruling from the Court that the Government is precluded from presenting at trial evidence that Defendant Seraphin was arrested on November 15, 2010, and from presenting any evidence seized at the time of the arrest. The November 2010 arrest occurred some eight months after Defendant's arrest on the charges in this case. For the reasons set forth below, the Motion in Limine to Exclude 404(b) Evidence is denied.

Federal Rule of Evidence 404(b) prohibits the use of evidence of "other crimes, wrongs, or acts" to prove the character of a person. FRE 404(b). Thus, the "threshold inquiry a court must make before admitting similar acts evidence under Rule 404(b) is whether that evidence is probative of a material issue other than character." United States v. Butch, 256 F.3d 171, 175 (3d Cir. 2001). It is well established that "[t]o be admissible under Rule 404(b), evidence of uncharged crimes or wrongs must (1) have a proper evidentiary purpose; (2) be relevant; (3) satisfy Rule 403; and (4) be accompanied by a limiting instruction (where requested) about the

purpose for which the jury may consider it." United States v. Green, 617 F.3d 233, 249 (3d Cir. 2010) (citation omitted).

With respect to whether evidence of Defendant's November 15, 2010 arrest and of the items seized during the search of the vehicle have a proper evidentiary purpose, a proper evidentiary purpose "is one that is 'probative of a material issue other than character'." The evidence must fit 'into a chain of logical inferences, no link of which may be the inference that the defendant has the propensity to commit the crime charged'." Id. at 250 (quotations and citations omitted).

The Government argues in its Response to the Motion in Limine that:

> the Government should be permitted to introduce evidence of defendant Jean A. Seraphin's arrest in Buffalo, and the evidence seized from the 2008 Honda on the Peace Bridge [the bridge between the United States and Canada] as probative, FRE 404(b) evidence of Seraphin's knowing intent to form a conspiracy with Ramar Gardiner or others on March 3, 2010; as a continuation of that conspiracy and his relationship with Gardiner; and, to rebut Seraphin's defense of innocent association o[r] lack o[f] knowing intent to join the conspiracy.

United States' Response to Defendant's Motion in Limine to Preclude 404(b) Evidence (Doc 192) and Response to Motion in Limine to Preclude Expert Testimony of SA Vincent Merlino, (Doc 191), pp. 12-13.

We find that the evidence of Defendant's November 2010 arrest and the items seized during the search of the vehicle has several proper evidentiary purposes, that being to demonstrate the relationship between Defendant and his alleged co-conspirator, Ramar Gardiner, to show Defendant's knowledge of the conspiracy on March 3, 2010, to illustrate his intent to participate in the conspiracy, and if Defendant's defense includes "innocent association," to rebut that defense.

2

"'The specific elements of conspiracy to violate federal law are: ... an agreement to commit an offense proscribed by federal law; ... the defendants intentionally joining in the agreement; [and] one of the conspirators committing an overt act ... in furtherance of the conspiracy'." United States v. Wright, 665 F.3d 560, 568 (3d Cir. 2012) (quotation omitted). We find that given the remarkable similarities between the events that occurred on March 3, 2010 and November 15, 2010, in that on both occasions, Defendant, Gardiner and others were stopped by the police in a vehicle and found in the vehicle were multiple counterfeit credit cards, numerous gift cards and other evidence of access device fraud, that testimony concerning Defendant's arrest on November 15, 2010 and the evidence seized on that date is probative of Defendant's intent and knowledge with respect to the conspiracy charged. Therefore, we find that Defendant's November 2010 arrest and the items seized during the search of the vehicle are relevant to the charged conspiracy.

We next examine "if the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." F.R.E. 403. Evidence is not properly excluded under Rule 403 simply because it is prejudicial, or detrimental to a party's case. Rather, as explained by the appellate court in Carter v. Hewitt, 617 F.2d 961 (3d Cir. 1980):

> Evidence is unfairly prejudicial only if it has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." It is unfairly prejudicial if it "appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish," or otherwise "may cause a jury to base its decision on something other than the established propositions in the case." A classic example of unfair prejudice is a jury's conclusion, after hearing a recitation of a defendant's prior criminal record, that, since the defendant committed so many other crimes, he must have committed this one too. This is an

improper basis of decision, and the law accordingly prohibits introduction of prior convictions to demonstrate a propensity to commit crime.

Id. at 972 (internal footnote and quotations omitted).

There is no doubt that admitting evidence of the November 2010 arrest and the evidence seized as part of the arrest, raises issues of prejudice to Defendant. The question is whether this prejudice substantially outweighs the probative value of the evidence. We find that the probative value is not substantially outweighed by any risk of unfair prejudice.

Finally, we conclude that counsel may propose, and the court will issue, a limiting instruction, instructing the jury to consider the proposed Rule 404(b) evidence only for the proper evidentiary purposes and not as evidence of Defendant's character.

Having found that proffered Rule 404(b) is admissible, Defendant's Motion in Limine to Exclude 404(b) Evidence [ECF192] is denied. An appropriate Order follows.

September 6, 2012

*Maurice B. Cohill Jr.*
Maurice B. Cohill, Jr.
Senior District Court Jud